# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Tara Bryan, *on behalf of herself and all others similarly situated*<br><br>538 Willow Oak Court<br>Galloway, OH 43119<br><br>　　　　　　Plaintiff,<br>　v.<br><br>RCI, LLC<br>6277 Sea Harbor Drive<br>Orlando, FL 32821<br><br>　　　　　　Defendant. | CASE NO.: _____<br><br>JUDGE<br><br>**CLASS ACTION COMPLAINT**<br><br>A Trial by the Maximum Number of Jurors is hereby Demanded |

　　　　For this Class Action Complaint, Plaintiff, Tara Bryan, by undersigned counsel, states on behalf of herself and a class of similarly situated persons as follows:

## INTRODUCTION

　　　　1.　　Plaintiff, Tara Bryan ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Defendant RCI, LLC ("RCI" or "Defendant"). Defendant placed repeated telemarketing calls using a prerecorded and/or artificial voice to Plaintiff's cellular phone – over Plaintiff's repeated requests for Defendant to stop and without prior express written consent – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. RCI is a timeshare company based in Orlando, Florida that purports to be "the leader in vacation exchange, offering the world's largest vacation exchange network . . . ."[1]

3. In an effort to sell more timeshares and market its services, RCI operates an aggressive telemarketing call campaign where it repeatedly calls consumers' cellular telephones using a prerecorded and/or artificial voice, without their consent and over their specific objections to stop the calls.

4. Indeed, Plaintiff is not an RCI customer and never provided RCI with her cellular telephone number or with prior express consent to place telemarketing calls to her number. Nonetheless, RCI has repeatedly called Plaintiff's cellular telephone with an identical prerecorded and artificial voice call recording claiming that she's been "pre-selected" for a "complimentary stay."

5. Moreover, RCI's recording informs the called party that they may press 0 or 1 for further details or "press 2" to be placed on a "do-not-call list." However, despite Plaintiff pressing '2' repeatedly in an effort to stop RCI's calls, RCI continues to place the same telemarketing calls to Plaintiff.

6. Plaintiff is not alone; online commenters have made near-identical complaints about RCI's aggressive telemarketing calls and its refusal to stop calling. *See, e.g.,* https://rcivip.com/rci-experience-harassing-phone-calls/ ("I have asked them over 50 times to please remove my phone number. They hang up on you, turn on music during the call, and they have not removed my number."; "I have asked to be removed from their list and I have blocked the numbers, but they spoof different local numbers every time and the calls continue day after

---

[1] https://www.rci.com/pre-rci-en_US/explore-rci/about-rci/about-rci-index.page?track1=Navigation_Prelogin_Footer&track2=About_RCI&track3=Text:About_RCI (last visited Jan. 29, 2021).

day.") (last visited Jan. 29, 2021).

7. Accordingly, Plaintiff seeks to certify the following classes:

**Prior Express Written Consent Class:** All persons within the United States to whom (1) RCI placed one or more prerecorded or artificial voice telemarketing calls, (2) to said person's cellular telephone, (3) without prior express written consent, (4) within the four years prior to the filing of the Complaint.

**Do-Not-Call Class:** All persons within the United States to whom (1) RCI placed one or more prerecorded or artificial voice telemarketing calls, (2) to said person's cellular telephone, (3) after advising RCI to place them on a 'do-not-call list,' (4) within the four years prior to the filing of the Complaint.

## JURISDICTION

8. This action arises out of Defendant RCI's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action – including Plaintiff's receipt of some of Defendant's illegal telephone calls – occurred in this District.

## PARTIES

10. Plaintiff, Tara Bryan ("Plaintiff"), is an adult individual residing in Galloway, Ohio, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

11. Defendant, RCI Corporation ("RCI"), is a Delaware business entity with a principal place of business at 6277 Sea Harbor Drive, Orlando, Florida 32821, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

12. The TCPA regulates, among other things, the placement of telephone calls using a prerecorded or artificial voice.

13. Specifically, 47 U.S.C. § 227(b)(1)(A)(iii) prohibits any call using "an artificial or prerecorded voice" to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

14. In addition, "Prior express *written* consent" is required before making prerecorded or artificial voice *telemarketing* calls, meaning there must be a written agreement, signed by the person receiving the call or text, with a "clear and conspicuous disclosure" that specifically authorizes the seller to send telemarketing communications using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200.

### FACTUAL ALLEGATIONS APPLICABLE TO PLAINTIFF

15. Plaintiff never provided her cellular telephone number to RCI and never provided her consent – written or otherwise – to RCI to be contacted on her cellular telephone.

16. Nonetheless, within the last four years RCI began calling Plaintiff's cellular telephone, number 614-xxx-0632, from numerous different telephone number.

17. Plaintiff was physically located in this District when she received some of RCI's calls.

18. When Plaintiff answered the calls from RCI, she heard an identical prerecorded and/or artificial female robotic-sounding voice stating the message was from "Marriott Hotels" and telling her that she had purportedly been chosen for a complimentary vacation.

19. The recording further advised Plaintiff that she could press 0 or 1 for more information or could "press 2" to be placed on a "do-not-call list."

20. Plaintiff has repeatedly listened to the above recordings and then pressed '2' to be placed on a do-not-call list and to ask RCI to cease calling her.

21. Nonetheless, RCI's calls persisted.

22. Following her receipt of several calls from RCI after asking RCI to stop the calls,

Plaintiff pressed '0' in order to speak to a live representative and determine the identity of the caller. After waiting on the line for an extended period of time, Plaintiff was eventually transferred to a live RCI representative who disclosed that RCI was the caller placing the above calls.

23. RCI's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration, annoyance, and anger.

## CLASS ACTION ALLEGATIONS

### A. The Classes

24. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

25. Plaintiff represents, and is a member of the following classes (the "Classes"):

**Prior Express Written Consent Class:** All persons within the United States to whom (1) RCI placed one or more prerecorded or artificial voice telemarketing calls, (2) to said person's cellular telephone, (3) without prior express written consent, (4) within the four years prior to the filing of the Complaint.

**Do-Not-Call Class:** All persons within the United States to whom (1) RCI placed one or more prerecorded or artificial voice telemarketing calls, (2) to said person's cellular telephone, (3) after advising RCI to place them on a 'do-not-call list,' (4) within the four years prior to the filing of the Complaint.

26. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

27. Upon information and belief, Defendant placed prerecorded and artificial voice

calls to cellular telephone numbers belonging to thousands of persons throughout the United States where it lacked prior express written consent to place such calls and/or such persons had previously requested to be placed on RCI's 'do-not-call' list.  The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

28.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

29.     There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members.  These questions include:

- a. Whether RCI's calls to members of the Classes were placed for telemarketing purposes;
- b. Whether RCI placed prerecorded and artificial voice calls to persons' cellular telephones after said persons requested to put on RCI's 'do-not-call' list;
- c. Whether RCI can meet its burden of showing it obtained prior express written consent to place each telemarketing call;
- d. Whether Defendant's conduct was knowing and/or willful;
- e. Whether Defendant is liable for damages, and the amount of such damages; and
- f. Whether Defendant should be enjoined from such conduct in the future.

30.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely places prerecorded and artificial voice calls to cellular telephone numbers without prior express consent, and over requests to stop the calls is accurate,

Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

31. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

32. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

33. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

34. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

35. Plaintiff brings this claim on behalf of herself and the Classes.

36. Defendant placed telemarketing calls using a prerecorded and/or an artificial voice to cellular telephones belonging to Plaintiff and the other members of the Classes without their prior express written consent and not for any emergency purpose.

37. Moreover, Defendant placed telemarketing calls using a prerecorded and/or an artificial voice to cellular telephones belonging to Plaintiff and the other members of the Classes after they asked to be put on RCI's 'do-not-call' list.

38. Each of the aforementioned calls by Defendant constitutes a violation of the TCPA.

39. Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

40. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

41. Further, Plaintiff and the Classes are entitled to and seek a declaration from Defendant that:

- Defendant violated the TCPA;
- Defendant placed prerecorded and/or artificial voices telemarketing calls to Plaintiff and the Classes who had previously asked to be placed on RCI's 'do-not-call' list; and
- Defendant placed telemarketing calls to Plaintiff and the Classes without prior express written consent.

### COUNT II
### WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

42. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

43. Plaintiff brings this claim on behalf of herself and the Classes.

44. Defendant knowingly and/or willfully placed telemarketing calls using a

prerecorded and/or an artificial voice to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express written consent and not for any emergency purposes.

45. Moreover, Defendant knowing and/or willfully placed telemarketing calls using a prerecorded and/or an artificial voice to cellular telephones belonging to Plaintiff and the other members of the Classes after they asked to be put on RCI's 'do-not-call' list.

46. Each of the aforementioned calls by Defendant constitutes a knowing and willful violation of the TCPA.

47. Plaintiff and the Classes are entitled to an award of up to $1,500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

48. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

49. Further, Plaintiff and the Classes are entitled to and seek a declaration from Defendant that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully placed prerecorded and/or artificial voices to calls to Plaintiff and the Classes who had previously asked to be placed on RCI's 'do-not-call' list;
- Defendant willfully placed calls to Plaintiff and the Classes without prior express consent; and
- It is Defendant's practice and history to place prerecorded and artificial voice telemarketing calls to persons without their prior express consent.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

A. Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

B. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

C. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Classes; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 3, 2021

Respectfully submitted,

By\_\_\_/s/ Sergei Lemberg_____

Sergei Lemberg
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff