# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Tara Bryan, *on behalf of herself and all others similarly situated*, | : |
| Plaintiff, | : Civil Action No.: 1:21-cv-00291-JPC |
| v. | : |
| RCI, LLC, | : |
| Defendant. | : |

### PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND MEMORANDUM IN SUPPORT

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff, Tara Bryan ("Plaintiff" or "Bryan"), hereby moves to dismiss this action without prejudice or costs to either Party.

"Absent clear and substantial legal prejudice to the defendant, the court should grant a voluntary dismissal." *Moran v. Ruan Logistics*, 2020 WL 4732991, at *2 (S.D. Ohio Aug. 15, 2020) (internal citations omitted). "As a general rule, dismissal under Rule 41(a)(2) is without prejudice" *Id*., at *1 (citation omitted). A court's decision to grant a Rule 41(a)(2) dismissal without prejudice is "only" improper if a defendant will suffer "plain legal prejudice as opposed to facing the mere prospect of a second lawsuit." *Id.* (*quoting Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994)). Here, dismissal without prejudice causes no clear, substantial or plain legal prejudice to Defendant RCI, LLC ("RCI") and the motion should be granted.

### BACKGROUND

On February 3, 2021, Plaintiff filed a putative class action alleging violations of the Telephone Consumer Protection Act (the "TCPA") by RCI. (Doc. No. 1 ("Compl.")). The TCPA

1

prohibits the use of prerecorded or artificial messages in telephone calls to cellular telephones without the called party's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiff never provided her cellular telephone number to RCI. (Comp. ¶ 15). Plaintiff received calls using an artificial voice to her cellular number stating the message was from "Marriot Hotels" advising that she had been chosen for a vacation. *Id.* ¶ 18. The recording allowed her to press 2 to be put on a do-not-call list, or 0 or 1 for more information. *Id.* ¶ 19. After pressing 2 did not stop the calls, Plaintiff pressed 0 to speak to a representative. *Id.* ¶ 22. Plaintiff was transferred to a representative who advised that RCI made the calls. *Id.* ¶ 23.[1] RCI denies it made the calls or authorized anyone to make such calls on its behalf.

RCI is timeshare exchange company where members can use RCI's network of affiliate resorts, some of which are owned by RCI's parent company. (Corya Tr. (Taylor Ex. A) 6:6-14; 9:4-13). The affiliate resorts may use so-called third-party marketers ("TPM(s)") to sell timeshares. *Id*. 34:6-9. RCI's TPM manager knew the TPMs existed (*id*. 35:22-24), knew they use the affiliation with RCI to make a purchase of a timeshare more attractive (*id*. 36:14-25) and RCI gets paid if a timeshare is sold and someone joins the RCI exchange (*id*. 37:2-9). As to how the TPMs actually market, the TPM manager testified she did not know and it was left to the affiliate resort. *Id*. 37:10-14. In addition, the TPM manager testified that there were approximately a hundred TPMs known to RCI. (Taylor Decl. ¶ 2).[2]

---

[1] These factual assertions in this paragraph are borne out in Plaintiff's discovery responses. Plaintiff cites to the complaint here for ease of reference.

[2] Whether RCI itself or some third-party placed the calls is not determinative as "a seller cannot avoid liability simply by delegating placing the call to a third-party. The FCC determined that 'while a seller does not generally 'initiate' calls made through a third-party telemarketer within the meaning of the TCPA, it nonetheless may be held vicariously liable under federal common law principles of agency for violations of [ ] section 227(b) ... that are committed by third-party telemarketers.'" *Wilson v. PL Phase One Operations L.P.*, 422 F. Supp. 3d 971, 979 (D. Md. 2019).

Plaintiff issued subpoenas to trace the origin of the calls to her telephone back through the carriers in the chain. The last entity identified was Xencall (n/k/a "readymode"), a Canadian cloud-based automated dialing provider.[3] (Taylor Decl. ¶ 3). Plaintiff was scheduled to be deposed on September 1, 2021, RCI cancelled her deposition on August 30th. *Id.* ¶ 4.

Pursuant to the Court's order of August 23, 2021, on September 3, 2021, Plaintiff reported to the Court that she will not be moving for class certification. (Doc. No. 23). Simultaneously, the Parties engaged in settlement discussions. Plaintiff offered an individual release in exchange for consideration, RCI rejected the proposal. (Taylor Decl. ¶ 5). Plaintiff offered a stipulated dismissal under Rule 41(a)(1)(A)(ii). RCI advised it would agree to a stipulation with prejudice or, alternatively, a dismissal silent on prejudice but which included a representation that Plaintiff uncovered no evidence in discovery supporting her claim. (Taylor Decl. ¶ 5).

## ARGUMENT

"To determine whether dismissing Plaintiff's complaint without prejudice is appropriate, the Court must determine whether Defendants would suffer plain legal prejudice." *Moran*, 2020 WL 4732991 at *2. "The Sixth Circuit has identified four factors that courts consider to determine whether plain legal prejudice will result from voluntary dismissal" which are considered in turn. *Id.* (*citing Maldonado v. Thomas M. Cooley Law Sch.*, 65 Fed. App'x 955, 956 (6th Cir. 2003).

The defendant's effort and expense of preparation for trial – The life of this litigation was short, approximately eight months. RCI answered written discovery, served written discovery, defended three depositions, and noticed then cancelled Plaintiff's deposition. RCI moved to strike Plaintiff's class allegations, the motion was not decided and was ultimately denied as moot. *If* Plaintiff were to refile an action (Plaintiff has no present intent to do so), none of those efforts

---

[3] See https://readymode.com/ (last visited October 21, 2021).

would be squandered. RCI could reuse the discovery it, or Plaintiff, obtained in this case. RCI could make the same legal argument in support of striking the class claims if Plaintiff were to raise the same. Thus, efforts towards preparation for trial do not support plain legal prejudice. *Moran*, 2020 WL 4732991, at *2; *Ball v. Tennessee Valley Auth.*, No. 2:13-cv-904, 2015 WL 556437, at *4 (S.D. Ohio Feb. 10, 2015) (discovery efforts will not be "squandered" in a re-filed action).

<u>There has been no excessive delay or lack of diligence by Plaintiff</u> – Plaintiff quickly pursed targeted discovery. She discovered the existence of the TPMs during a deposition, a fact RCI did not previously disclose, and traced the calls to a cloud-based automated dialer provider in Canada. After reporting she would not pursue class claims, Plaintiff initiated settlement discussions and informed RCI that absent a settlement, she would agree to a dismissal or pursue one herself. Plaintiff moved for dismissal before discovery was complete and before substantive motion practice. Thus, this factor supports dismissal without prejudice. *Moran*, 2020 WL 4732991, at *2 (even two years of extensive litigation was not prohibitively excessive delay).

<u>Plaintiff's reason for dismissal</u> – Plaintiff would most likely need to successfully subpoena the entity in Canada, find the originating TPM (most likely in Mexico or the Caribbean), and/or subpoena the hundreds if not thousands of other TPMs which, again, are expected to be outside the United States. The cost, expense and risk in doing so is extensive and outside the context of a class action would subsume any recovery. With those considerations in mind, Plaintiff offered to resolve the case or to stipulate to a dismissal. What Plaintiff would not do is stipulate to a dismissal with prejudice, which acts as an adjudication on the merits, or incorrectly represent that she had not discovered facts in support of her claims, as RCI wished. These reasons are fair, reasonable and Plaintiff submits this type of ongoing evaluation is precisely the type of practice Courts expect of litigants. Thus, this factor supports dismissal without prejudice.

4

<u>RCI has not filed a motion for summary judgment</u> – No party has sought adjudication on the merits but summary judgment or otherwise. Thus, this factor supports the motion.

## **CONCLUSION**

For the reasons stated above, because Defendant does not suffer plain legal prejudice, Plaintiff respectfully requests that the Court dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2) without prejudice and without costs to either party.

Dated: October 22, 2021

        Respectfully submitted,

By:   <u>/s/ Stephen Taylor</u>
      Sergei Lemberg
      Stephen Taylor (*phv*)
      43 Danbury Road
      Wilton, CT 06897
      Telephone: (203) 653-2250
      Facsimile: (203) 653-3424
      slemberg@lemberglaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that, on October 22, 2021, a copy of the foregoing was served electronically by the U.S. District Court for the Northern District of Ohio's Document Filing System (ECF) and the document is available on that system.

       /s/ *Sergei Lemberg*
      Sergei Lemberg