UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TARA BRYAN, | ) | Case No. 1:21-CV-00291 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| RCI, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff Tara Bryan filed this matter as a putative class action alleging Defendant RCI, LLC violated the Telephone Consumer Protection Act. After significant discovery limited to whether any third parties were involved in making the alleged marketing calls at issue, Plaintiff withdrew the class allegations and now moves to dismiss the case without prejudice under Rule 41(a)(2). (ECF No. 27.) Defendant seeks dismissal with prejudice. (ECF No. 28.) For the reasons that follow, the Court **DISMISSES** this action **WITH PREJUDICE**.

**ANALYSIS**

After a defendant has filed an answer, as here, or motion for summary judgment, a plaintiff may obtain a voluntary dismissal "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This type of dismissal generally is without prejudice. *Id.* Requiring court approval "protect[s] the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted).

## I.  Plain Legal Prejudice

Whether to grant dismissal rests "within the sound discretion of the district court." *Id.* (citing *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)).  In exercising this discretion, courts consider whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citation and quotation omitted).  To determine whether a defendant will suffer plain legal prejudice, a court considers factors such as:  (1) "the defendant's effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action," (3) "insufficient explanation for the need to take a dismissal," and (4) "whether a motion for summary judgment has been filed by the defendant." *Id.* (citation omitted).  On the record presented, these factors and the interests of justice favor dismissal with prejudice.

### I.A.  Effort and Expense

The effort and expense of preparation for trial weighs in Defendant's favor.  Although the Court did not schedule a trial date, the proceedings advanced considerably toward class certification and resolution on the merits through summary judgment or trial.  In addition to exchanging discovery, Defendant undertook an "extensive investigation of Plaintiff's claims and RCI's business records" to find some factual connection between the allegations and Defendant's conduct. (ECF No. 28, PageID #149.)  Defendant moved to strike the class allegations (ECF No. 14), though Plaintiff's decision to withdraw her class allegations rendered that motion moot (ECF No. 23).  Further, Defendant produced two witnesses for

2

deposition as well as a witness to testify under Rule 30(b)(6) regarding a wide range of topics, including its practices and procedures for solicitations, its vendors, and its services.

Plaintiff directs the Court to *Moran v. Ruan Logistics*, No. 1:18-cv-223, 2020 WL 4732991 (S.D. Ohio Aug. 15, 2020), which held that dismissal after two years of litigation did not prejudice the defendants enough to preclude voluntary dismissal without prejudice. *Id.* at *2. The *Moran* Court reasoned that most of the discovery could be reused in any re-filed action. *Id.* Even if that is the case here, though it may not be, the *Moran* Court noted the "case is a close call." *Id.* at 4. On the different facts and circumstances here, this case is not a close call. Defendant's efforts and expenses expended favor a finding of legal prejudice if the matter is dismissed without prejudice.

### I.B. Delay

Plaintiff has not unreasonably delayed her prosecution of the action. She has diligently pursued evidence for her claims with targeted discovery under the direction and supervision of the Court. Defendant argues Plaintiff has unreasonably delayed in seeking dismissal (ECF No. 28, PageID #150), but that is not quite what this factor examines, *Grover*, 33 F.3d at 718 (listing factor as "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action"). Whether or not Plaintiff delayed in seeking dismissal, she actively prosecuted the case. Under these circumstances, any delay would not amount to plain legal prejudice to Defendant.

### I.C.    Reason for Dismissal

Plaintiff claims that she will need to subpoena the third-party entity she believes is connected to Defendant and "hundreds if not thousands" of other international entities to pursue her claims and that such extensive discovery is disproportionate to a case without class allegations. (ECF No. 27, PageID #139.)  The additional discovery would be necessary to connect Defendant to the phone calls Plaintiff allegedly received in violation of the Telephone Consumer Protection Act. As Defendant points out, the discovery so far has not yet connected Defendant to the calls, and there is no indication that additional discovery will, no matter how much fishing Plaintiff undertakes.    This factor also supports legal prejudice from a dismissal without prejudice.

### I.D.    Summary Judgment

Plaintiff is correct that no party has sought adjudication on the merits or moved for summary judgment.  (ECF No. 27, PageID #139.)   But the voluminous discovery to date indicates that a motion for summary judgment is forthcoming and, as Defendant notes, but for the Court staying the case, the deadline for such motions is January 10, 2022 (ECF No. 15).  At most, this factor is neutral.  In the Court's view, however, the substantial progress on the merits of the case weigh in favor of dismissal with prejudice.

## II.    Fees

Alternatively, Defendant requests an award of fees under Rule 41(a)(2) in the event the action is dismissed without prejudice. (ECF No. 28, PageID #152.)  Because the Court dismisses the matter with prejudice, the Court declines to award Defendant

4

its fees and costs.  In any event, nothing about the litigation justifies a departure from the traditional American Rule under which each party bears its fees and costs.

## CONCLUSION

For the foregoing reasons, and on consideration of the record as a whole and the parties' respective arguments, the Court exercises its discretion to dismiss this action with prejudice.  In doing so, the Court finds that Defendant would suffer plain legal prejudice, not merely the prospect of a second lawsuit.  Between the efforts and expense expended already, Plaintiff's admission that extensive additional international discovery would be necessary to pursue her case against Defendant, and the progress of the case toward dispositive motions, the record shows the legal prejudice Defendant would suffer from a dismissal without prejudice.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion.  The Court **DISMISSES** the case **WITH PREJUDICE** pursuant to Rule 41(a)(2).  The Clerk shall enter judgment accordingly.

**SO ORDERED**.

Dated:  November 19, 2021

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio

5